IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02912–CMA–KMT

REGAS CHRISTOU,
R.M.C HOLDINGS, L.L.C. D/B/A THE CHURCH,
BOUBOULINA, INC. D/B/A VINYL,
MOLON LAVE, INC. D/B/A 2 A. M.,
CITY HALL, LLC,
1037 BROADWAY, INC. D/B/A BAR STANDARD F/K/A THE SHELTER,
776 LINCOLN ST., INC. D/B/A/ FUNKY BUDDHA LOUNGE
1055 BROADWAY, INC. D/B/A THE LIVING ROOM,

     Plaintiffs,

v.

BEATPORT, LLC,
BRADLEY ROULIER,
BMJ&J, LLC D/B/A BETA NIGHTCLUB AND BEATPORT LOUNGE,
AM ONLY INC.,

     Defendants.

---

**ORDER**

---

This matter is before the court on Defendant Beatport, LLC's "Motion for a Protective Order Pursuant to Fed. R. Civ. P. 26(c)" (Doc. No. 16 [Mot.], filed January 12, 2011), Plaintiffs' Response (Doc. No. 20 [Resp.], filed January 24, 2011) and Beatport's Reply (Doc. No. 29 [Reply], filed February 2, 2011).

Plaintiffs filed their complaint on December 1, 2010, alleging, *inter alia*, antitrust violations, a RICO claim, theft of trade secrets and conspiracy against Beatport and others. (*See* Doc. No. 1, filed December 1, 2010). On January 12, 2011, Beatport filed a "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 15) concurrently with the Motion for a Protective Order currently before the court. On January 31, 2011, Defendant AM Only, Inc. filed a "Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6)." (Doc. No. 25.) Finally, on February 7, 2011, Defendants BMJ&J, LLC and Bradley Roulier filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. No. 32.) The motions to dismiss are presently pending before District Judge Christine M. Arguello. In its motion for a protective order, Beatport seeks an order staying all discovery pending a ruling on its motion to dismiss and vacating the scheduling conference set for March 8, 2011. (Mot. at 5.) Beatport states that the other defendants do not oppose the relief Beatport requests. (*Id.*)

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "A party seeking a protective order under Rule 26(c) has the burden of demonstrating good cause and cannot sustain that burden simply by offering conclusory statements." *Tr. of Springs Transit Co. Emp. Ret. and Disability Plan v. City of Colorado Springs*, No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *4 (D. Colo. May 11, 2010). Accordingly, the party moving for a protective order "must make a particular and specific demonstration of fact in support of its request." *Id.*

(citation omitted). The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

However, a stay may be appropriate in certain circumstances. Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, 198 (3d ed. 2010) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). Beatport's motion to dismiss does not allege the kind of one-issue dispositive attack envisioned by the case law. Instead, each claim is attacked individually as failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

The court weighs several factors when evaluating the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (describing five-part test). The court considers (1) the interest of

Plaintiff; (2) the burden on Defendants in going forward; (3) the court's convenience; (4) the interest of nonparties; and (5) the public interest in general. *Id.* A consideration of these factors leads the court to conclude that a stay of discovery in this case is not warranted.

First, the court balances Plaintiffs' desire to proceed expeditiously with their case against the burden on Beatport of going forward. Plaintiffs indicate that they intend to seek discovery from numerous nonparties who they believe possess evidence, likely in the form of electronic communications dating from as early as 2007. (Resp. at 3.) Plaintiffs contend that any delay in discovery increases the likelihood that this evidence is lost or destroyed pursuant to normal document destruction because this evidence is not subject to the automatic hold imposed on parties to the litigation. (*Id.*) Plaintiffs also assert that, as time passes, such evidence may be archived and will need to be restored or forensically reconstructed, increasing the cost of obtaining the discovery. (*Id.*) Moreover, Plaintiffs argue that, because they assert an ongoing pattern of wrongful conduct by Defendants, any delay in the resolution of the case will cause financial harm to Plaintiffs. (*Id.*)

In its motion, Beatport claimed that it likely would be burdened by "expensive and protracted discovery activities. (Mot. at 4.) Beyond citing a Supreme Court cases characterizing antitrust discovery as costly, Beatport did not provide any specific arguments regarding how or why discovery will be unusually expensive and protracted in this case. (*See id.*) In replying to Plaintiffs contentions regarding the prejudice they will suffer if not allowed to initiate electronic discovery, Beatport offers a hypothetical scenario in which Plaintiffs seek discovery from ten entities, each of which has ten employees who send and receive fifty emails per day. (*See* Reply

at 2-3.)  According to Beatport, Plaintiffs would, hypothetically, be seeking 1,825,000 emails per year, or 7.3 million emails since 2007.  (*Id.* at 3.)  Beatport proffers that this would require more than 60,000 hours of document review.  (*Id.*)  Based on this hypothetical, Beatport claims that it will suffer "concrete and undue prejudice if discovery commences now."  (*Id.* at 2.)  Beatport's hypothetical clearly fails to provide "particular and specific demonstration of fact" to establish good cause.  *Tr. of Springs Transit Co. Emp. Ret. and Disability Plan*, 2010 WL 1904509, at *4.  Upon consideration of the potential prejudice to Plaintiffs as compared to the burden on Beatport, the court finds these factors weigh against granting a stay.

With regard to the third factor, Beatport asserts that refusing to stay discovery will inconvenience the court.  Again, in its reply, Beatport hypothesizes that the discovery process in this case will be particularly contentious.  Beatport asserts that  "discovery disputes are likely to occur" and "when Plaintiffs do not find the smoking guns they say they believe exist, they may accuse the Defendants or third party witnesses of losing or destroying evidence."  (Reply at 4.)  Beatport predicts that the Court will be burdened by motions to compel and motions for sanctions.  (*Id.*)  Again, such conjecture is purely speculative and does not establish good cause.  The court certainly hopes that Beatport's prediction is incorrect and notes with concern Beatport's adversarial view of the discovery process in this case, before it has even begun.

Beatport also suggests that a stay is necessary to avoid piecemeal litigation.  At the time Beatport filed its motion, the other defendants had not yet filed responsive pleadings.  Beatport offered the conclusory suggestion that, without knowing the response of the other defendants, refusing to stay discovery would likely result in piecemeal litigation.  (Mot. at 4.)  The other

defendants have since filed motions to dismiss. (*See* Doc. Nos. 25 & 32.) However, they have not joined in Beatport's motion for a protective order. If the court denies the stay, all parties will proceed with discovery. Depending on whether the District Judge grants in whole or in part or denies the motions to dismiss, the case will proceed against any remaining defendants on any remaining claims. No piecemeal litigation will result. However, piecemeal litigation could result if the court were to grant a stay of discovery only as to Beatport. This would inconvenience the court and is not supported by a showing of good cause. Indeed Beatport acknowledges that staying discovery as to Beatport only, will not solve this problem. (*See* Reply at 10.) On this factor, the court finds that a stay is not an efficient use of judicial resources.

The fourth and fifth factors also weigh against staying discovery. Beatport claims that "a stay of discovery in this case . . . will avoid the unnecessary burden for Beatport and third parties of proceeding with discovery while Beatport's motion to dismiss is pending." (*Id.* at 1-2.) However Beatport does not specifically explain how third parties will be burdened and, as previously explained, Beatport's hypothetical regarding the burden of electronic discovery does not establish good cause for a stay. With regard to the public interest, Plaintiffs have alleged violations of the Sherman Act §§ 1 and 2 and specifically pleaded the harm to the public. Plaintiffs claim the violations are ongoing and, therefore, argue that the public interest is best served by denying the stay. In reply, Beatport maintains that this does not justify proceeding with extensive discovery before a ruling on its motion to dismiss. The court finds that it does not have information regarding the interest of nonparties and agrees with Plaintiffs that the public interest weighs against a stay.

Balancing all factors presented, the court finds that a stay of discovery is not appropriate. Therefore, it is

**ORDERED** that Beatport's "Motion for a Protective Order Pursuant to Fed. R. Civ. P. 26(c)" (Doc. No. 16) is **DENIED**. The Scheduling Conference set for March 8, 2011 will proceed as scheduled and all deadlines set in the Order Setting Scheduling Conference (Doc. No. 10) apply.

Dated this 10th day of February, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge