IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02912–RBJ–KMT

REGAS CHRISTOU,
R.M.C HOLDINGS, L.L.C. D/B/A THE CHURCH,
BOUBOULINA, INC. D/B/A VINYL,
MOLON LAVE, INC. D/B/A 2 A. M.,
CITY HALL, LLC,
1037 BROADWAY, INC. D/B/A BAR STANDARD F/K/A THE SHELTER,
776 LINCOLN ST., INC. D/B/A/ FUNKY BUDDHA LOUNGE
1055 BROADWAY, INC. D/B/A THE LIVING ROOM,

    Plaintiffs,

v.

BEATPORT, LLC,
BRADLEY ROULIER, and
BMJ&J, LLC D/B/A BETA NIGHTCLUB AND BEATPORT LOUNGE,

    Defendants.

## ORDER

This matter is before the court on "Defendants' Renewed Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c)." [Doc. No. 81 filed August 16, 2011.] Plaintiffs responded on September 1, 2011 [Doc. No. 92] and Defendants filed their Reply on September 19, 2011 [Doc. No. 98]. Since that time, discovery has continued in the case unabated.

All defendants filed Motions to Dismiss in lieu of Answering the Complaint and those motions have been fully briefed since March 25, 2011. [Doc. Nos. 15, 25, & 32.] The

defendants originally filed a motion for a protective order seeking a stay of discovery pending resolution of the motions to dismiss, but that request was denied on February 10, 2011. [*See* Doc. Nos. 16 & 36]. Defendants now renew that motion in light of a looming January 31, 2012 discovery cut off date and no rulings on the motions to dismiss.

The decision to issue a protective order, and thereby stay discovery, rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "[A] court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, 198 (3d ed. 2010) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

The court weighs several factors when evaluating the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (describing five-part test). The court considers (1) Plaintiffs' interests; (2) the burden on Defendants in going forward; (3) the court's convenience; (4) the interest of nonparties; and (5) the public interest in general. *Id*. A consideration of these factors leads the court to conclude that a stay of discovery in this case is still not warranted.

All the same factors set forth in detail by this court in its February 10, 2011 Order still exist and are, therefore, incorporated herein.  Additionally, according to the Defendants, as of August, 2011, some 300,000 pages of discovery had been produced.  (Mot. at 2.)  At the time the instant motion was filed, numerous depositions were scheduled to be taken during September and October of 2011.  (*Id.*)  There has been no indication to the court that those depositions have not been successfully concluded, with the exception of the Canadian deposition of David Brady.[1] (*See* Plaintiffs' "Motion Requesting Issuance of Letter of Request" [Doc. No. 111] ¶ 4.)  Given Plaintiffs' withdrawal of the motion for issuance of a letter of request for Mr. David Lewis, rather than a request to extend the discovery cut off date, it appears that Plaintiffs have abandoned their quest to depose either Mr. Brady or Mr. Lewis.  [*See,* Doc. No. 118.]  Therefore, the court concludes that, with one month left in the discovery period, the majority of the discovery which could be undertaken at this time – given the lack of responsive Answers and the attendant possibility of counterclaims – is complete or nearly complete.  Therefore a stay of discovery pending resolution of the motions to dismiss by the district court is nonsensical.

---

[1] On June 8, 2011 this court issued a letter request to be submitted to Canadian officials, requesting that Plaintiffs be allowed to take the deposition of David Brady, a Canadian citizen. The Canadian court concluded that Mr. Brady's testimony was dependent upon the testimony of David Lewis, a resident of the Netherlands, and refused to allow the deposition to proceed until after Plaintiffs had taken the deposition of Mr. Lewis.  [Doc. No. 111 at ¶ 4.]  To that end, the Plaintiffs filed a motion requesting the court to issue a Letter of Request to the Netherlands, allowing the deposition of Mr. Lewis in the Netherlands.  *Id.*  That request, however, has been withdrawn.

It is therefore **ORDERED**

1. "Defendants' Renewed Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c)" [Doc. No. 81] is DENIED.

2. The Motions Hearing scheduled December 29, 2011 at 1:30 p.m. is VACATED.

Dated this 28th day of December, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge