IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-CV-02912 CMA-KMT

REGAS CHRISTOU,
R.M.C. HOLDINGS, L.L.C. D/B/A THE CHURCH,
BOUBOULINA, INC. D/B/A VINYL,
MOLON LAVE, INC. D/B/A 2 A.M.,
CITY HALL, LLC,
1037 BROADWAY, INC. D/B/A BAR STANDARD F/K/A THE SHELTER,
776 LINCOLN ST., INC. D/B/A FUNKY BUDDHA LOUNGE,
1055 BROADWAY, INC. D/B/A THE LIVING ROOM

 Plaintiffs,

v.

BEATPORT, LLC,
BRADLEY ROULIER,
BMJ&J, LLC D/B/A BETA NIGHTCLUB AND BEATPORT LOUNGE,
AM ONLY INC.,

 Defendants.

---

**DEFENDANTS BRADLEY ROULIER'S AND BMJ&J, LLC'S
AMENDED WITNESS LIST**

---

**Defendants' Non-Expert Witnesses:**

 1. **Witnesses who will be present at trial:**

  i. Bradley Roulier, Manager of Beta and Vice President of Special Projects for Beatport, who will testify about the EDM industry, Plaintiffs' business operations and practices, Beatport's business relationships with labels and artists, the editorial process by which Beatport's website features are decided, the roles and responsibilities of Beatport's music services team, the participants in Beatport's music services team, Beatport's process for adding

and removing digital music downloads for sale, and Beta's relationship with Beatport. Mr. Roulier will also testify regarding his work as a promoter of live performances of EDM for Plaintiffs and Beta, his relationships with artists, agents, recording labels, and venue owners within the EDM industry, his personal relationships with top-tier DJs, Plaintiffs' and Beta's booking practices, and his relationship with and former employment by Regas Christou.

7-8-13    ii.    Douglas Bohm, SOCO employee, may testify about SOCO's business operations, booking operations, artist relations, agent relations, personal observations from his work at SOCO, and any matter raised during his deposition.

7-8-13    iii.    April Anne Chase, SOCO employee, may testify about SOCO's business operations, business plans, booking operations, artist relations, agent relations, personal observations from her work at SOCO, and any matter raised during her deposition.

iv.    Regas Christou, principal and manager of SOCO entities, may testify about his experience in the nightclub business, Mr. Roulier's work for SOCO, SOCO's history, business operations, business plans, booking operations, artist relations, agent relations, employees, budgets, themes and formats, revenues, profits, losses, taxes, personal observations from his ownership and work at SOCO, and any matter raised during his deposition.

7-9-13    v.    Ha Hau, Denver promoter of musical performances, may testify about his knowledge and experience promoting EDM events in Denver, his work at each of the litigant nightclubs, his personal observations of Mr. Roulier and Mr. Christou, his character opinions of Mr. Roulier and Mr. Christou, and his personal observations of the Denver market for live EDM performances.

vi.    Thomas Havens, DJ and former Beatport employee, may testify about his

2

experiences working at Beatport and playing at SOCO and his personal knowledge of Mr. Roulier's roles, responsibilities, and conduct while working for Beatport.

  vii. Mike McRay, Manager of Beta, may testify about the EDM industry, his work experiences at SOCO and at Beta, Beta's booking practices, and his relationships with artists and agents within the EDM industry.

7-9-13  viii. Catherine Nguyen, Director of Beta, may testify about the EDM industry, Plaintiffs' business operations and practices, her work experiences at SOCO and at Beta, Plaintiffs' and Beta's booking practices, and her relationships with artists and agents within the EDM industry.

  ix. Jonny Shuman, SOCO employee, may testify about SOCO's business operations, business plans, booking operations, artist relations, agent relations, personal observations from his work at SOCO, and any matter raised during his deposition.

7-8-13  x. Nikki Solgot, agent at Ten in One Talent, may testify about the process of booking EDM artists in Denver, the importance of relationships in the booking process, her working relationship and bookings with Mr. Roulier, efforts to book talent she represents for performances at Beta and at Plaintiffs' venues, and the breakdowns in the booking process at SOCO after Mr. Roulier left SOCO.

7-8-13  xi. Clark Warner, Beatport Vice President of Music Services, who will testify about his personal observations of the EDM industry, Beatport's business relationships with labels and artists, the editorial process by which website features are decided, the roles and responsibilities of Beatport's music services team, the participants in Beatport's music services team, Beatport's process for adding and removing digital music downloads for sale, and Beta's

relationship with Beatport.

7-2-13     xii.     Daniel Wherritt, a.k.a. "DJ Dan," may testify about his relationship with Mr. Roulier, the importance of relationships in determining where he chooses to perform, efforts to book him for performances at Beta and at Plaintiffs' venues, Beta's virtues as a venue for the performance of EDM, and the lack of coercion by Mr. Roulier or anyone affiliated with Beta or Beatport in connection with the booking of performances.

    2.     **Witnesses who may be present at trial if the need arises:**

    i.     Tryphon Hristopoulos, accountant for Plaintiffs, may testify about Plaintiffs' business practices, revenues, profits, tax returns and any matter raised during his deposition.

    3.     **Witnesses whose testimony is expected to be presented by means of a deposition:**

    i.     Subject to the Court's ruling, Alex Chaykin, agent with William Morris Entertainment, may testify by video deposition about his personal observations of the EDM industry.

7-8-13     ii.     Scott Feiwell, associate of Regas Christou, may testify by deposition about a series of phone calls with Regas Christou describing a strategy for filing this case, and about his business relationship with Regas Christou.

    iii.     Paul Morris, CEO of AM Only, Inc., may testify by video deposition about his personal observations and experiences booking talent to perform in the EDM industry, his relationship with Mr. Roulier, his observations and experiences booking talent with SOCO, Mr. Roulier and Beta, and Mr. Roulier's prominence and reputation in the EDM industry.

    iv.     Subject to the Court's ruling, Matt Rodriguez, agent for AM Only, Inc.,

may testify by video deposition about his personal knowledge of the factors that inform on an artist's decisions about where to play, the importance of live performance income to an artist's overall revenue, and his observations of talent buyers in relevant markets.

v. Subject to the Court's ruling, Ryan Saltzman, agent for Bullitt Bookings, may testify by deposition about his observations and experience with booking conflicts in the EDM industry, the factors informing on where an artist may elect to play, and his representation of Charissa Saverio.

vi. Subject to the Court's ruling and all prior objections to the relevance of all of her testimony, Charissa Saverio, a.k.a. "DJ Rap," may testify by video deposition about her relationships with Mr. Roulier and Jonny Shuman, her personal observations of the EDM industry, the DJ Magazine Top 100, and the threats and promises alleged by Plaintiffs.

vii. Any witnesses necessary for purposes of laying a foundation and/or rebuttal.

**Defendants' expert witnesses:**

7-2-13  1. Witnesses who will be present at trial: James Langenfeld, Ph.D., who will testify regarding relevant antitrust market definitions, alleged damages, economic analyses, and other relevant matters as detailed in his report.

7-9-13  2. David Waxman, who will testify about the effect of SOCO's organization and booking practices on their ability to book top-tier DJs following Brad Roulier's departure, as well as practices in the business of live performances of EDM and the role of personal relationships between talent, agents, promoters, and venues as detailed in his report.

3. Witnesses who may be present at trial: None.

4. Witnesses where testimony is expected to be presented by means of a deposition:

None.

Dated: June 21st, 2013

        Respectfully submitted,

        SILVER & DEBOSKEY, P.C.

        By: *s/Lisha R. McKinley*
            Martin D. Beier
            Lisha R. McKinley
            Silver & DeBoskey, P.C.
            1801 York Street
            Denver, Colorado 80206
            Telephone: (303) 399-3000
            Facsimile: (303) 399-2650
            E-mail: beierm@s-d.com
                    mckinleyl@s-d.com

*Attorneys for Bradley Roulier and BMJ&J, LLC d/b/a Beta Nightclub and Beatport Lounge*

DW0073

## CERTIFICATE OF SERVICE

I hereby certify that on June 21st, 2013, I electronically served **DEFENDANTS BRADLEY ROULIER'S AND BMJ&J, LLC'S AMENDED WITNESS LIST** to the following:

Jeffrey S. Vail, Esq.
The Law Office of Jeff Vail LLC
The Point at Inverness
8310 South Valley Highway, Third Floor
Englewood, Colorado 80112
jvail@vail-law.com

Dale R. Harris, Esq.
John A. Francis, Esq.
Kenzo A. Kawanabe, Esq.
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, Colorado  80112
dale.harris@dgslaw.com
john.francis@dgslaw.com
kenzo.kawanabe@dgslaw.com

*s/Chris Allen*